UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

GERALD D. FORREST,
            *Plaintiff-Appellant,*

v.

TRANSIT MANAGEMENT OF CHARLOTTE,
            *Defendant-Appellee.*

No. 03-2239

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CA-03-347-3-MU)

Submitted: February 25, 2004

Decided: April 7, 2004

Before MICHAEL, KING, and SHEDD, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Gerald D. Forrest, Appellant Pro Se. John Brem Smith, MCNAIR LAW FIRM, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Gerald D. Forrest appeals from the order of the district court dismissing his complaint. Having concluded that the district court lacked original jurisdiction to consider Forrest's claims, we vacate the order and remand for further proceedings consistent with this opinion.

In July 2003, Forrest filed suit in the Mecklenburg County Superior Court of North Carolina alleging wrongful termination and unlawful employment discrimination by his employer, Transit Management of Charlotte, Inc. (hereinafter "Transit"). His complaint did not invoke Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17 (2000). Transit thereafter filed a notice of removal in the district court alleging federal question jurisdiction under 28 U.S.C. § 1331 (2000). The district court accepted the removal, and Transit, reversing its position on the question of jurisdiction, moved to dismiss on the basis that Forrest could not proceed under Title VII because he had failed to obtain a right-to-sue letter. Accordingly, Transit argued that the district court lacked jurisdiction to consider Forrest's claims. The district court accepted Transit's argument and granted the motion to dismiss, stating: "In the absence of a right-to-sue letter, this court does not yet have jurisdiction over Plaintiff's Title VII claims." (R. 9). Forrest filed a timely notice of appeal.

In order to remove a matter from state court to federal court, the moving party must allege that federal subject matter jurisdiction obtains on account of diversity jurisdiction or because the complaint implicates a federal question. 28 U.S.C. § 1441(a), (b) (2000) (referencing the original jurisdiction of the district courts conferred under 28 U.S.C. §§ 1331 (federal question), & 1332 (diversity of citizenship) (2000)). In other words, an action filed in state court may be removed to federal court "only if it might have been brought in federal court originally." *Darcangelo v. Verizon Comm.*, 292 F.3d 181, 186 (4th Cir. 2002) (quoting 14b Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction*, § 3721, at 292 (3d ed. 1998)). Thus, a claim that could not have originally been brought in federal court cannot be removed to federal court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Likewise, a federal court may not assume jurisdiction over an action arising under Title VII unless the claimant has (1) exhausted his administrative remedies, and (2) attempted to seek redress under any applicable state or local remedies. *See Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 137 (4th Cir. 1995). In *Davis*, we concluded that a district court could not accept the removal of a state complaint alleging employment discrimination under the guise of Title VII, unless "the EEOC has investigated the claim, made a determination as to the claim's merit, and issued a right-to-sue notice." *Davis*, 48 F.3d at 138. Absent that determination or a similar finding under state or local law, the district court lacks subject matter jurisdiction over the claim, and thus, lacks jurisdiction to accept removal. *Id.*

Because the district court lacked jurisdiction to consider Forrest's claims, Transit's notice of removal was improper. Accordingly, we vacate the order of the district court and remand with instructions to remand Forrest's complaint to the Superior Court of Mecklenburg County. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*